IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 7:09-CR-00101-BO-1

| | |
|---|---|
| CHARLES JUNIOR LOCKLEAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | <u>O R D E R</u> |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner Charles Junior Locklear's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) [DE 31]. For the foregoing reasons, Petitioner's motion is DENIED. The Government's Motion to Deny [DE 33]is GRANTED.

## BACKGROUND

A Grand Jury of the Eastern District of North Carolina returned a five-count indictment against Petitioner on August 6, 2009. The Indictment charged Petitioner with four counts of distributing a quantity of cocaine and one count of using and carrying a firearm during and in relation to one of the drug trafficking offenses. Petitioner was represented by the Federal Public Defender in this matter. On October 20, 2001, Petitioner pled guilty, pursuant to a Memorandum of Plea Agreement, to one count of distributing a quantity of cocaine (Count Four) and the related count of using and carrying a firearm during and in relation to a drug trafficking offense (Count Five). In Paragraph 2(c) of the Plea Agreement, Petitioner agreed "to waive all rights to

contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective counsel or prosecutorial misconduct not known to defendant at the time of defendant's guilty plea." As part of the Plea Agreement, Petitioner also acknowledged that the elements of Count Five, to which he was pleading guilty, were that he "knowingly and intentionally possess[ed] a firearm [and t]hat the firearm was possessed in furtherance of a drug trafficking crime." The Plea Agreement also noted that the minimum term of imprisonment for Count Five was "Not less than Five (5) years (consecutive to any other term of imprisonment imposed)."

On January 20, 2010, this Court sentenced Petitioner to 93 months of imprisonment (60 months of which were imposed in connection with Count 5), 3 years of supervised release, a special assessment, and restitution. On July 2, 2010, Petitioner filed this motion seeking to vacate his conviction for Count Five and to obtain other relief. The government filed a response requesting this Court to re-characterize Petitioner's motion as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, or, alternatively, to deny Petitioner's motion [DE 33]. On August 24, 2010, the Court notified Petitioner of its intention to construe his motion as one pursuant to § 2255 as required by Castro v. United States, 540 U.S. 375 (2003) and United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002) [DE 36]. Petitioner filed a timely objection to the government's request to re-characterize the instant motion on September 17, 2010 [DE 37]. The motion is now ripe for ruling.

## DISCUSSION

As Petitioner has timely objected [DE 37] to the recharacterization of his motion as a motion for relief pursuant to 28 U.S.C. § 2255, the Court will rule on his motion as a Rule 60(b)

2

motion. See U.S. v. Emmanuel, 288 F.3d 644, 649-50 (4th Cir. 2002) ("If, however, the movant responds within the time set by the court but does not agree to have the motion recharacterized, the court shall not treat it as a § 2255 motion but shall rule on the merits of the motion as filed. Thus, for example, if a movant requests certain relief pursuant to Rule 35 that is only available by way of § 2255, and that movant objects to the court's proposal to recharacterize the motion, the court shall simply rule on the Rule 35 motion as such."), *rev'd on other grounds*, U.S. v. Blackstock, 513 F.3d 128 (4th Cir. 2008).

Rule 60(b) of the Federal Rules of Civil Procedure empowers a court to relieve a party from a "final judgment, order or proceeding" for, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect..." or "fraud...misrepresentation, or misconduct by an opposing party." Fed. R. Civ. Pro. 60(b)(1), (3). Petitioner's contentions raised in his Rule 60(b) motion do not warrant relief.

Petitioner contends that his attorney failed to argue at sentencing that Petitioner did not actually possess a firearm in furtherance of a drug trafficking offense as required for Count Five of the Indictment. Petitioner asserts that his attorney's failure in this regard "made a sham of justice and denied the court of the facts necessary to render an informed, fair, and appropriate sentence commensurate with the actual crime." Petitioner's argument is without merit because it flatly contradicts the explicit terms of the Plea Agreement that Petitioner freely entered with the government.

Petitioner pled guilty on October 20, 2001 to using and carrying a firearm during and in relation to a drug trafficking offense. The elements of that offense are laid out explicitly on page 4 of Petitioner's Plea Agreement [DE 23]. Specifically, the Agreement indicates that the

3

Petitioner possessed a firearm "in furtherance of a drug trafficking crime." [DE 23-4]. At Petitioner's arraignment, the Court established that a factual basis existed for entry of Petitioner's plea, that Petitioner was entering his plea freely and voluntarily, and that he understood the terms of the Agreement [DE 22]. In sum, Petitioner's contentions in the instant Rule 60(b) motion are entirely discredited by the factually-supported Plea Agreement that Petitioner knowingly, freely and voluntarily entered.

Petitioner has failed to show how his conviction or his sentence are the product of "mistake, inadvertence, surprise, or excusable neglect." Moreover, the record is devoid of evidence that Petitioner's sentence was procured through "fraud...misrepresentation, or misconduct by an opposing party." Accordingly, Petitioner is not entitled to relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

## CONCLUSION

Based on the foregoing, Petitioner's Motion for Relief from a Final Judgment, Order or Proceeding pursuant to Federal Rule of Civil Procedure 60 [DE 31] is DENIED. The government's Motion to Deny [DE 33] is GRANTED.

SO ORDERED.

This __6__ day of November, 2010.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4