IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 7:09-CR-00101-BO-1
No. 7:11-CV-31-BO

| | |
|---|---|
| CHARLES JUNIOR LOCKLEAR,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | **ORDER** |

This matter is before the Court on the Government's Motion to Dismiss [DE 52] Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 [DE 50]. The Government's Motion is GRANTED. Petitioner's Motion is DISMISSED WITH PREJUDICE.

## I. BACKGROUND

A Grand Jury of the Eastern District of North Carolina returned a five-count Indictment against Petitioner on August 6, 2009. The Indictment charged Petitioner with four counts of distributing a quantity of cocaine and one count of using and carrying a firearm during and in relation to one of the drug trafficking offenses. Petitioner was represented by the Federal Public Defender in this matter.

On October 20, 2009, Petitioner pled guilty, pursuant to a Memorandum of Plea Agreement, to one count of distributing a quantity of cocaine (Count Four) and the related count of using and carrying a firearm during and in relation to a drug trafficking offense (Count Five).

On January 20, 2010, this Court sentenced Petitioner to 93 months of imprisonment, 3 years of supervised release, a special assessment, and restitution.

On July 2, 2010, Petitioner filed a motion pursuant to Fed. R. Civ. P. 60(b) to vacate his conviction for Count Five and to obtain other relief. [DE-31]. On November 9, 2010, this Court denied Petitioner's motion. [DE-38]. Petitioner is currently pursuing an appeal of the Court's November 9 order

with the Fourth Circuit Court of Appeals.

Petitioner filed the instant Motion on February 15, 2011. [DE-50]. Petitioner's Motion seeks collateral relief from his criminal sentence pursuant to 28 U.S.C. § 2255. The Government has responded with a Motion to Dismiss, and in this posture the matter is ripe for adjudication.

## II. DISCUSSION

### A. Petitioner Has Validly Waived The Claims Asserted In His 2255 Motion

In his instant Motion, Petitioner raises two claims. First, Petitioner asserts that he was sentenced and convicted as a result of "false and misleading information." [DE-50 at 14.] Second, he claims that his attorney was ineffective for failing "to provide the truthful information necessary for proper sentencing[.]" *Id.* Both of the claims advanced by Petitioner have been validly waived.

A criminal defendant may waive his right to attack his conviction and sentence on collateral review so long as the waiver is made knowingly and voluntarily. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). It is beyond dispute that Petitioner entered his Plea and Plea Agreement knowingly and voluntarily. Petitioner makes no allegation to the contrary, nor could he. At Petitioner's Rule 11 arraignment, as with all arraignment's conducted before the undersigned, the Court established that a factual basis existed for the entry of Petitioner's plea, that Petitioner was entering his plea freely and voluntarily, and that he understood the terms of the Plea and Plea Agreement.

Pursuant to Petitioner's freely and voluntarily entered Plea Agreement, Petitioner agreed "to waive all rights to contest the conviction or sentence in any postconviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective counsel or prosecutorial misconduct not known to defendant at the time of defendant's guilty plea." Petitioner also acknowledged in the Agreement that the elements of Count Five, to which he was pleading guilty, were that he "knowingly and intentionally possess[ed] a firearm [and t]hat the firearm was possessed

2

in furtherance of a drug trafficking crime." The Plea Agreement also noted that the minimum term of imprisonment for Count Five was "Not less than Five (5) years (consecutive to any other term of imprisonment imposed)."

Thus, Petitioner waived his right to virtually all post-conviction relief as part of his Plea Agreement. The only exception to that waiver–based on "grounds of ineffective counsel or prosecutorial misconduct not known to defendant at the time of defendant's guilty plea"– is not alleged and does not apply here.

The Court thus holds that pursuant to the terms of his freely and voluntarily entered Plea Agreement, Petitioner has waived his right to file the instant post-conviction Motion. That Motion is, therefore, subject to dismissal as Respondent requests.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Petitioner is not entitled to relief and Respondent is entitled to dismissal of the Petition, the Court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate that reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of

appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of Petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

### III. CONCLUSION

As set forth above, the Government's Motion to Dismiss [DE 52] is GRANTED. The Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 [DE 50] is DISMISSED WITH PREJUDICE.

DONE AND ORDERED in chambers, this ___ day of May, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE