IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 7:09-CR-00101-BO-1
No. 7:11-CV-31-BO

| | |
|---|---|
| CHARLES JUNIOR LOCKLEAR,<br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)<br>)    O R D E R<br>)<br>)<br>) |

This matter is before the Court on Petitioner Charles Junior Locklear's Motion for Reconsideration [DE 57]. Petitioner urges this Court to reconsider its May 3, 2011 dismissal with prejudice of Petitioner's motion under 28 U.S.C. 2255 [DE 55]. Petitioner's Motion for Reconsideration is denied.

## I. BACKGROUND

A Grand Jury of the Eastern District of North Carolina returned a five-count indictment against Petitioner on August 6, 2009. The Indictment charged Petitioner with four counts of distributing a quantity of cocaine and one count of using and carrying a firearm during and in relation to one of the drug trafficking offenses.

On October 20, 2009, Petitioner pled guilty, pursuant to a Memorandum of Plea Agreement, to one count of distributing a quantity of cocaine (Count Four) and the related count of using and carrying a firearm during and in relation to a drug trafficking offense (Count Five).

On January 20, 2010, this Court sentenced Petitioner to 93

months of imprisonment (60 months of which were imposed in connection with Count 5), 3 years of supervised release, a special assessment, and restitution.

On February 15, 2011, Petitioner filed a motion to vacate, set aside, or correct a sentence. Finding that Petitioner had validly waived the claims in his 2255 motion purusant to the terms of his plea agreement, the Court dismissed Petitioner's 2255 motion by written order dated February 18, 2011. Petitioner now requests reconsideration of the dismissal of his 2255 motion.

## II. **DISCUSSION**

Motions to alter or amend judgment under Fed. R. Civ. P. 59(e) are appropriate where they involve reconsideration of matters properly encompassed in the decision on the merits. *See White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982). The United States Court of Appeals for the Fourth Circuit has identified three circumstances which justify altering or amending a judgment:

(1) to incorporate an intervening change in the law,

(2) to incorporate new evidence which was unavailable when the court made its decision, and

(3) to rectify a clear legal error or prevent manifest injustice.

*See Bogart v. Chappell*, 396 F.3d 548, 555 (4th Cir. 2005) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th

2

Cir. 1996)). In deciding a motion under Fed. R. Civ. P. 59(e) which does not involve review of a grant of summary judgment, the court must balance the need to bring litigation to a close with the need to justly decide the case based upon all the facts. *See Templet v. HydroChem Inc.*, 367 F.3d 473,478-79 (5th Cir. 2004).

Having considered the Petitioner's Motion for Reconsideration, the Court finds that (1) there has been no intervening change of law which affects Petitioner's 2255 motion, (2) Petitioner adduces no new evidence which was unavailable when the Court made its prior decision, and (3) the Court's Order neither contains a clear legal error nor constitutes manifest injustice. Accordingly, there is no basis for this Court to alter its dismissal of Petitioner's 2255 motion.

### III. <u>CONCLUSION</u>

Based on the foregoing, Petitioner's Motion for Reconsideration [DE 57] is DENIED.

DONE AND ORDERED this __17__ day of June, 2011.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3